## In the matter of the last will of LUCY H. EDDY.

In an exceptional case, when strong and well-founded doubts exist as to the mental capacity of a testatrix, and with respect to the force and character of the influence under which the testamentary act was performed, the caveators are entitled to their costs and reasonable counsel fees.

---

On appeal from a decree of the ordinary reported in *Eddy's Case, 5 Stew. Eq. 701.*

*Mr. W. H. Vredenburgh* and *Mr. B. Williamson*, for appellants.

This is the resistance of Mrs. Louisa Pollock the great-niece and the heir at law of Lucy Eddy, to the probate of a paper claimed to be her will, and dated January 19th, 1875. The tes-

tatrix was a single woman, and died in 1879. She was eighty-three years of age at the making of this paper. Her possessions in 1875 were valued at over $200,000. A Miss Chapman, a single woman over forty years of age, and very remotely related to testatrix, obtained from her, by conveyance, shortly before the death of testatrix, property which cost over $45,000, and by the will in question, about $40,000 more, making about $85,000.

Mrs. Pollock and her brother are given by this paper, through trustees, the joint use, for life, of a store property in New York. The value, in 1875, of Mrs. Pollock's share for life was not over $13,000. By the former wills of testatrix of 1861 and 1867 (while that store property had constituted a large proportion of the property of testatrix), she had given that property absolutely in fee to Mrs. Pollock and her brother. Afterward, there was a very rapid increase of the estate of testatrix. Notwithstanding this great increase in her estate, and notwithstanding the great love that testatrix really had for Mrs. Pollock, this will of 1875 devised only the store property in trust for Mrs. Pollock and her brother, for life, with remainder to the trustees of the Rahway Library Association, thus restraining its alienation and stripping it of its real value to Mrs. Pollock. This strange action, we charge, arose from three causes:

I. A loss of mind and memory on the part of testatrix of sufficient extent to incapacitate her from duly retaining in her memory the object of her bounty and affection.

II. Such enfeebled mind as existed in testatrix, was guided to that act, and led to forget and to become estranged from her niece by the superior will and management of Miss Chapman, who excluded Mrs. Pollock and her friends from the society and companionship of testatrix, from motives of self-interest and malice towards Mrs. Pollock and her husband.

III. Testatrix was induced by Miss Chapman to believe unfounded imputations against caveator's husband.

These positions are fully sustained by the evidence in this cause. A word upon the law of capacity.

I. The approved definition of Judge Washington in *Den* v. *Van Cleve,* as to a disposing memory, was as follows, viz.: "Was he capable of recollecting the property he was about to bequeath, the manner of distributing it, and the objects of his bounty?" Testatrix's capacity will not be found to stand the test. But the most satisfactory test of testamentary capacity is the *capability* to *transact business* with *sagacity* and *decision.  Gleespin's Will, 11 C. E. Gr. 523 ; Turner* v. *Hand, 3 Wall. Jr. 88 ; Harrison* v. *Rowan, 3 Wash. C. C. 585 ; Stevens* v. *Van Cleve, 4 Wash. C. C. 262, 268 ; Lynch* v. *Clements, 9 C. E. Gr. 431.*

II. Redfield (*Vol. I. p. 510,* § *2,* and note) says on this subject that any important abuse of testatrix's confidence in making her believe unfounded imputations against those entitled to her bounty, is fraudulent, and avoids the will that reflects it.  *Dietrich* v. *Dietrich, 5 S. & R. 207 ; Nursear* v. *Arnod, 13 S. & R. 323 ; Patterson* v. *Patterson, 6 S. & R. 56 ; Feardon's Case, 5 Ves. 633.*

III. As has been stated, Miss Chapman's object was two-fold, one to prejudice testatrix against the Pollocks so as to reduce Mrs. Pollock's claims, the other to make sure for herself of the bounty of testatrix.  Testatrix was an easy dupe to the calumnies against husband of caveator.  If so, the will should not stand.  See *Redf. on Wills 516 ; Clark* v. *Fisher, 1 Paige 171.*

*Mr. B. A. Vail* and *Mr. J. Henry Stone,* for respondents.

I. The formal execution of a will having been proved, sanity is presumed, and the burden of proof then shifts to caveators. *Harrison* v. *Rowan, 3 Wash. C. C. 580 ; Nelson* v. *McGiffert, 3 Barb. Ch. 158 ; Jauncey* v. *Thorne, 2 Barb. Ch. 40 ; Peebles* v. *Case, 2 Bradf. 226 ; Turner* v. *Cheeseman, 2 McCart. 245 ; Whitenack* v. *Stryker, 1 Gr. Ch. 11 ; Allaire* v. *Allaire, 8 Vr. 312 ; Redf. Am. Cas. on Wills 29, 30,* and cases cited.

II. Testamentary capacity is not a question of age, simple impairment of memory or bodily infirmity, but of understanding.  If one understands the business he is engaged in, recollects

In matter of will of Lucy H. Eddy.

his property, those whom he desires to be the objects of his bounty, and the manner in which his property is to be distributed, he has the full measure of capacity required to make a valid will. *Harrison* v. *Rowan, 3 Wash. C. C. 587 ; Stevens* v. *Van Cleve, 4 Wash. C. C. 262 ; Van Alst* v. *Hunter, 5 Johns. Ch. 148 ; Stewart's Exrs.* v. *Lispenard, 26 Wend. 255 ; Potts* v. *House, 6 Ga. 324 ; Cordrey* v. *Cordrey, 1 Houst. (Del.) 269 ; Kinne* v. *Kinne, 9 Conn. 102 ; Stackhouse* v. *Horton, 2 McCart. 202 ; In re Humphrey's Will, 11 C. E. Gr. 513 ; S. C. affirmed, 12 C. E. Gr. 567 ; In re Wintermute's Will, 12 C. E. Gr. 447 ; S. C. affirmed, 1 Stew. Eq. 437 ; Harris* v. *Betson, 1 Stew. Eq. 211 ; Clark* v. *Fisher, 1 Paige 171 ; Den* v. *Trumbull, 2 Zab. 133 ; Den* v. *Johnson, 2 South. 454 ; S. F. Soc.* v. *Hopper, 33 N. Y. 619 ; Thompson* v. *Keyser, 65 Pa. St. 368.*

III. To prove testamentary capacity, opinions of witnesses based upon facts within their knowledge are competent. *Dunham's App., 27 Conn. 192.*

And unprofessional opinions of old friends are more valuable than opinions of experts of recent acquaintance. *Brooke* v. *Townsend, 7 Gill 10.*

IV. Where caveators attempt to defeat a will on the ground of undue influence, the burden of proof is cast upon them. Undue influence will not be presumed. *Baldwin* v. *Parker, 99 Mass. 79 ; Small* v. *Small, 4 Greenl. 224 ; Boyse* v. *Rossborough, 6 H. of L. Cas. 2 ; Tyler* v. *Gardiner, 35 N. Y. 559.*

V. To establish the presence of undue influence, there must be shown, as present and operating at date of will—

(*a*) Importunity incapable of being resisted, by reason of weakness.

(*b*) Importunity harassing the testator into submission.

(*c*) Importunity yielded to for the sake of peace.

(*d*) Physical restraint or coercion.

(*e*) Threats.

(*f*) False statements.

In matter of will of Lucy H. Eddy.

The influence of affection, of kind offices, or even of decent persuasion, will not invalidate a will. Influence, to be undue, must be a fraudulent one, controlling the will, and destroying free agency. *Marshall* v. *Flinn, 4 Jones (N. C.) 199; Eckert* v. *Flowry, 43 Pa. St. 46; Elliott's Will, 2 J. J. Marsh. 340; Lynch* v. *Clements, 9 C. E. Gr. 434.*

The opinion of the court was delivered by

BEASLEY, C. J.

With respect to the principal feature of this litigation, I agree with the views expressed by the chancellor, to the effect that the writings propounded should be admitted to probate.

But, upon a careful consideration of the facts of the case, I have been led to the conclusion that there should be a modification of the decree, so far as to allow costs and counsel fees to the contestants. The case, I think, is an exceptionally strong one on the side of the caveators. It would serve no useful purpose to discuss the evidence, or even to sketch the case in outline; it is enough to say that the circumstances were such as necessarily to excite well-founded doubts as to the mental capacity of the testatrix, and as to the force and character of the influence under which the testamentary act in question was performed, and that, therefore, there was plainly reasonable cause for the investigation induced at the instance of these caveators. Therefore, in my opinion, as I have said, their counsel fees and costs should be given to them out of the estate.

With respect to the amount of allowance: The investigation was necessarily protracted, and related to a subject of importance. I think that $2,500 should be allowed for the services of counsel in both courts, together with the costs of the caveators in each court.

The decree should be reversed, in order to be modified in these respects.

For affirmance—DEPUE, MAGIE, REED, VAN SYCKEL, GREEN—5.

For reversal—BEASLEY, C. J., DIXON, KNAPP, PARKER, SCUDDER, CLEMENT—6.